RUIZ, PLAINTIFF AND APPELLANT, *v.* BRAVO, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in Habeas Corpus Proceedings.

No. 3427.—Decided January 23, 1925.

HABEAS CORPUS—DIVORCE—JURISDICTION—CUSTODY OF CHILD PENDING DIVORCE.—
In habeas corpus proceedings brought by the wife in the District Court of Mayagüez for the custody of a child pending decision by the District Court of Aguadilla of an action of divorce brought by the husband on the ground of abandonment it was held that the power to give the wife custody of the child under section 166 of the Civil Code as well as the power to regulate the family relations between the spouses and the child while the action of divorce is pending was in the District Court of Aguadilla and that the Mayagüez court could decide only whether the custody of the child was being held unlawfully by the father within its jurisdiction.

The facts are stated in the opinion.

Messrs. *A. Nazario Lugo* and *L. Llorens Torres* for the appellant.

Messrs. *Benet & Souffront* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant filed in the District Court of Mayagüez a petition for a writ of habeas corpus alleging that her husband had brought an action of divorce against her on the ground of abandonment in the District Court of Aguadilla and that he was unlawfully holding their minor daughter under his custody within the jurisdiction of the District Court of Mayagüez, although the petitioner was entitled to the custody of the child pending decision of the action of divorce, for which reasons she prayed that the child be delivered to her. The father opposed the petition, alleging that he had not unlawfully deprived the petitioner of the custody of their child, because the conduct of the mother in committing adultery and her manifest intention of continuing to do so deprived her of all right to the custody of the child and because in the action of divorce there is pending decision by the District Court of Aguadilla an opposed motion of the mother that the child be delivered to her. The District Court of Mayagüez denied the petition in habeas corpus and ordered that the child should remain under the custody of the father while the action of divorce was pending, but that the petitioner might continue the family relations with her daughter by visiting her for one hour on the first Sunday of each month. From that judgment the petitioner took the present appeal.

Section 222 of the Civil Code provides that the *patria potestas* over the legitimate children not emancipated belongs in the first place to the father, and in case of his absence, legal incapacity or death, to the mother. Section 223 prescribes that one of the effects of the *patria potestas* is that the father and the mother have the duty of keeping their children in their company, for which reason it can not

be held that the father, the respondent in this habeas corpus proceeding, is unlawfully holding his daughter under his custody.

It is true that one of the provisional measures that may be adopted during the pendency of the divorce, according to section 166 of the said Civil Code, is that if there are children of the marriage whose provisional custody is claimed by both parties to the marriage, they shall be placed under the custody of the wife during the time the suit is pending, unless there be strong reasons in the discretion of the district court for depriving the wife of the custody of her children, either wholly or in part; but this question, as well as that of regulating the family relations between either spouse and the children during the pendency of the action for divorce rests with the District Court of Aguadilla in which the action for divorce is pending, it being a provisional measure in the action, and not with the District Court of Mayagüez, for it can decide only whether the custody of the child was being held unlawfully by the father within its jurisdiction. Whatever right the mother may have as against the superior right of the father to the custody of the child would arise from the action for divorce; therefore, whether by virtue of the action she is entitled to the custody of the child or whether she should be deprived of it for strong reasons are matters to be decided by the court in which the action is pending.

For these reasons the judgment appealed from is affirmed only in so far as it denies the petition for a writ of habeas corpus.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.